UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAIN MISIARA ERBITE,

               Petitioner,

v.                            Case No. 2:26-cv-558-JES-NPM

GARRETT J. RIPA, et al.,

               Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Alain Misiara Erbite's petition for writ of habeas corpus (Doc. 1) and the government's response. (Doc. 5).  For the reasons below, the petition is denied.

### I.   Background

Misiara Erbite is a native and citizen of Cuba who was admitted to the United States as a lawful permanent resident on April 16, 2013.  (Doc. 1 at 2).  On February 18, 2020, he was convicted of a felony offense.  (Id. at 3).  At some point (after serving a prison sentence for his conviction) it appears that Misiara Erbite left the United States and returned to Cuba.  (Doc. 5-1 at 2).  When he attempted to reenter the United States on August 18, 2025, he was immediately taken into custody.  (Id. at 2-3).  On October 21, 2025, he received a notice to appear stating that he is inadmissible because he was convicted of a crime involving moral turpitude.  (Id.)  His individual merits hearing

is scheduled for April 13, 2026.  (Id. at 2.)  He does not have a final order of removal and has never received an individualized bond hearing.  (Id.)

## II.  Discussion

Sections 1225 and 1226 of the Immigration and Nationality Act (INA)  govern the detention of noncitizens before a final order of removal.  The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1).  So-called " 'applicants for admission' in the language of the statute." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).  Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded."  Id.  The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." Id. at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings, 583 U.S. at 289. Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General."  8 U.S.C. § 1226(a).  While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. See 8 C.F.R. §§ 1236.1(c)(8), (d)(1).

"Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306.

Misiara Erbite seeks a bond hearing, presumably under § 1226. (Doc. 1 at 5). But this is not a situation where a noncitizen was detained at the border and then released into the country. See, e.g., Oviedo v. Warden, Glades County Detention Center, No. 2:26-cv-421-JES-DNF, 2026 WL 693205 (M.D. Fla. Mar. 12, 2026). Rather, Misiara Erbite was apprehended at the border when he attempted to reenter the United States and immediately taken into custody, which puts him squarely under § 1225. Section 1225 says nothing "whatsoever about bond hearings." Jennings, 583 U.S. at 297. Thus, Misiara Erbite's continued detention without a bond hearing does not violate the INA.

Misiara Erbite also argues that his seven-month detention without a bond hearing violates the Due Process Clause. (Doc. 1 at 5). The Supreme Court confronted the constitutional perils of indefinite immigration detention in Zadvydas v. Davis, 533 U.S. 678 (2001). But, unlike the statute at issue in Zadvydas, the Court has refused to read a six-month reasonableness requirement into the detention statute at issue here. See Jennings, 583 U.S. at 301 (recognizing that §§ 1225(b)(1) and (b)(2) cannot "be read to limit detention to six months"). And while the length of Misiara Erbite's detention is not ideal, it is also not indefinite.

3

He has an individual merits hearing scheduled for April 13, 2026 before the Miami Immigration Court.  (Doc. 1 at 2).

### III. Conclusion

Based on the record provided, Misiara Erbite's detention does not violate the INA or the Constitution.  He is thus not entitled to habeas relief, and the petition (Doc. 1) is **DENIED.**  The Clerk is directed to terminate any pending motions and deadlines, enter judgment accordingly, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 19, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4